IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J. SHOOK,<br><br>               Plaintiff,<br><br>v.<br><br>A. ORME et al.,<br><br>               Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br>Case No. 2:13-CV-841 DAK<br><br>District Judge Dale A. Kimball |

      Former inmate/Plaintiff, J. Shook, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2016), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His Third Amended Complaint is now before the Court for screening. *See id.* § 1915(e).[1]

**Screening Analysis**

**A. Standard of Review**

      This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

---
[1] The Court notes that it has issued already two orders in this case in the past that have identified deficiencies in earlier iterations of the complaint and given Plaintiff guidance for how to cure the deficiencies.

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Third Amended Complaint cursorily claims only that "the defendants did knowingly deprive him of constitutional rights speciffically [sic] the 14th Amendment to U.S.C. granting equal protection under the color of law." This vague claim is brought against A. Orme, former Juab County sheriff; A. Taylor, investigating officer; and J. Elderidge, Juab County prosecuting attorney.

### 2. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff does not identify behavior by Defendants that links them with any particularity to violation of his right to equal protection. Because Plaintiff has done nothing to affirmatively link Defendants to a

violation of his right to equal protection, all defendants and potential equal-protection claims are dismissed.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2016), for failure to state a claim on which relief may be granted. Neither liberal interpretation of Plaintiff's claims nor the many opportunities Plaintiff has had to amend have led to a different result.

DATED this 28th day of July, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge